UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUMARBEK ASANOV,<br><br>         Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, et al.,<br><br>         Respondents. | Case No.: 26-CV-638 JLS (BLM)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Kumarbek Asanov's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 3). Petitioner did not file a Traverse. *See generally* Docket. For the reasons set forth below, the Court **GRANTS** in part the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Petitioner, a native and citizen of Kyrgyzstan, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 22, 2024. Pet. at 5. Fearing persecution in Iran on account of his sexual orientation, Petitioner crossed the U.S. border from Mexico seeking asylum. *Id.* On March 20, 2025, an immigration

judge granted his application for asylum. *Id.* at 6. On April 22, 2025, DHS filed a notice of appeal. *Id.* On July 25, 2025, the Board of Immigration Appeals ("BIA") put the appeal on hold and requested that DHS report "whether the matter is in compliance with background check requirements." *Id.* DHS responded several times to this request, and each time the BIA found the response insufficient. *Id.* The appeal is still pending. *Id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts

evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).[1]  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, now over one year, without a bond hearing weighs in Petitioner's favor.  Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable.  *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process).  The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner was granted asylum in March of 2025, and DHS's appeal of that decision has been ongoing since July of 2025. Pet. at 6. DHS has been asked to supplement its responses multiple times throughout the appeal, and each time the BIA has found its responses insufficient. *Id.*  The Court agrees that there is no end in sight to Petitioner's detention since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020).  Respondents argue only that Petitioner

---

[1] Petitioner argues that the granting of asylum made Petitioner's order of removal final and that Petitioner is thus subject to an analysis under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  However, Respondents are correct that no final order of removal has been entered due to the pending appeal.  *See Vlasov v. Bondi*, No. 25-cv-1342-AJB-MSB, 2025 WL 2258582, at *1 (S.D. Cal. Aug. 7, 2025) (finding the removal date to be the withdrawal of an appeal of the immigration judge's decision to withhold petitioner's removal to Russia under § 1231 due to a likelihood of political persecution).

has already received a decision from the Immigration Judge, and the appeal is pending. Ret. at 8. Respondents do not address the repeated delays due to DHS's insufficient responses or the fact that the appeal has been pending for over six months. Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings also weighs in Petitioner's favor due to the several insufficient responses by DHS in the appeal. *See* Pet. at 6. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

### I. Attorney's Fees

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 12. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Parties **SHALL** file a Joint Status Report by March 10, 2026, informing the Court of the outcome of the hearing.

Lastly, Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within thirty (30) days of this Order, and Respondents are instructed to file any opposition within fourteen (14) days of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: February 18, 2026

Hon. Janis L. Sammartino
United States District Judge